AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 3:26-cr-00052-JJH |
| SHANNON MATHRE ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ **A.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

  ☑ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in l8 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

  ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

  ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

  ☑ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

  **OR**

☐ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

  ☐ **(1)** a serious risk that the defendant will flee if released; **or**

  ☐ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☑ **(e)** any felony that is not otherwise a crime of violence that involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

   ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

   ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☑ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Application of Any Presumption Established Above**

   ☑ The defendant has not rebutted the presumption.
   **OR**
   ☐ The defendant has rebutted the presumption.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

- [✓] By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- [✓] By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

- [✓] The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
- [✓] Weight of evidence against the defendant is strong.
- [✓] Subject to lengthy period of incarceration if convicted.
- [ ] Lack of significant family or other ties to the community.
- [ ] Significant family or other ties outside the United States.
- [ ] Lack of legal status in the United States.
- [ ] Subject to removal or deportation after serving any period of incarceration.
- [ ] Lack of stable residence.
- [ ] Lack of stable employment.
- [ ] Lack of financially responsible sureties.
- [ ] Prior attempt(s) to evade law enforcement.
- [ ] Use of alias(es) or false documents.
- [ ] History of alcohol or substance abuse.
- [ ] Prior criminal history.
- [ ] History of violence or use of weapons.
- [ ] Prior violations of probation, parole, or supervised release.
- [ ] Prior failure to appear in court as ordered.
- [ ] On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
- [ ] Participation in criminal activity while on probation, parole, or supervision.
- [✓] The defendant's release poses serious danger to any person or the community.

OTHER REASONS OR FURTHER EXPLANATION:

Please see attached.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: February 13, 2026  /s/ Darrell A. Clay

U.S. Magistrate Judge

*United States v. Shannon Mathre*
Case No. 3:26-CR-00052-JJH

## Statement of Reasons for Detention

On February 4, 2026, Defendant Shannon Mathre was charged by indictment with two offenses. Count 1 charges that on or about January 21, 2026, Mr. Mathre knowingly and willfully made a threat to take the life of and to inflict bodily harm upon the Vice President of the United States, allegedly stating: "I am going to find out where he (Vice President) is going to be and use my M14 automatic gun and kill him." For this, Mr. Mathre was charged with Threats Against President and Successors to Presidency, in violation of 18 U.S.C. § 871(a). If convicted of this offense, he faces up to 5 years of imprisonment; a fine of up to $250,000; up to 3 years of supervised release; and a special assessment of $100.

Count 2 charges that from on or about December 31, 2025 through on or about January 21, 2026, Mr. Mathre knowingly received and distributed visual depictions of a minor engaged in sexually explicit conduct. For this, Mr. Mathre is charged with Receipt and Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). If convicted of this offense, he faces a mandatory minimum of 5 years of imprisonment, up to 20 years; a fine of up to $250,000; at least 5 years of supervised release, up to life; a special assessment of $100 plus an additional assessment of $5,000 under the Justice for Victims of Trafficking Act (JVTA); and designation of a sex offender under the Sex Offender Registration and Notification Act (SORNA).

He proposes to be released into the custody of N.S., who currently serves as a homemaker/personal care provider for Mr. Mathre and his live-in companion, S.A. Both Mr. Mathre and S.A. suffer from a number of mental/intellectual disabilities and receive services from a variety of agencies, including Ann Grady Services. Ann Grady Services employs N.S. to provide services to Mr. Mathre. N.S. lives across the street from the apartment where Mr. Mathre and S.A. live.

I conduced a detention hearing on February 11, 2026, which included receiving testimony from S.A.'s sister. The government also offered several exhibits. At the conclusion of the hearing, I took the matter under advisement. Pretrial Services provided an original and a supplemental report. Both recommend against Mr. Mathre's release.

The presumption of detention applies here under 18 U.S.C. § 3142(e)(3)(E) because Mr. Mathre is charged with a violation of 18 U.S.C. § 2252(a)(2).

Under 18 U.S.C. § 3142(g), I consider four factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

1

Having weighed all factors under 18 U.S.C. § 3142(g), I conclude that Mr. Mathre did not overcome the statutory presumption in favor of detention. Even if he had, Mr. Mathre's release under the proposed conditions is not appropriate.

*18 U.S.C. § 3142(g)(1)*

Under the first factor, I consider the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of 18 U.S.C. § 1591, a federal crime of terrorism, or involves a minor victim, controlled substance, firearm, explosive, or destructive device. Count 1 of the indictment charges an offense that constitutes a "crime of violence" as that term is defined in 18 U.S.C. § 16 because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *See United States v. Santos*, 131 F.3d 16, 21 (1st Cir. 1997).[1]

As to Count 2, the government alleges Mr. Mathre possessed several thousand illicit images on his cell phone, though many of them were anime, a form of Japanese cartoon. At least one Court of Appeal has held such images do not qualify as child pornography under § 2252. *See United States v. Morrow*, 79 F.4th 1169, 1174 (10th Cir. 2023) ("Mr. Morrow contends that the district court abused its discretion in admitting evidence that police recovered from Mr. Morrow's devices . . . 300 anime images depicting child sex abuse in cartoon form. (Such images are not covered by 18 U.S.C. § 2252.)"); *but see* 18 U.S.C. § 1466A (stating that production, distribution, receipt, and possession of cartoons depicting a minor engaging in sexually explicit conduct "shall be subject to the penalties provided in section 2252A(b)(1)").

But at least 60 images on Mr. Mathre's cell phone were non-anime and depicted child sexual abuse material. Accordingly, Count 2 of the indictment charges an offense involving minor

---

[1] The government also provided Government Exhibit 1, a post that Mr. Mathre allegedly made about 150 days ago on a Reddit forum he maintains with the subject line "Time to get rid of the mango mussolini dictator wannabee and end this madness." Among other things, the post stated: "ironically there is no greater danger to the US than its own current government. All citizens KILL 47 AND ALL HIS CRONIES." In a separate post made about 120 days ago, Mr. Mathre allegedly stated: "Time to execute the dictator wannabe . . . . All those that are ABLE to are hereby ordered to seize and subdue the President of the United States." (Gov. Ex. 2).
   Although Mr. Mathre has not been charged with any offense as a result of these posts, either might qualify as separate § 871(a) violations. And uncharged conduct is a permissible consideration under the Bail Reform Act. *See United States v. Gaston*, No. 2:21-cr-36, 2021 WL 1170201, at *5 (N.D. Ind. March 26, 2021) (collecting cases from the Second Circuit and numerous district courts addressing this issue). That said, when considering uncharged conduct, a court "must carefully weigh the reliability of such evidence in a manner that is usually not required when criminal convictions are used to argue for detention." *Id.*; *see also United States v. Sanders*, 466 F.Supp.3d 779, 786 (E.D. Mich. 2020) ("Uncharged conduct should be accorded comparatively less weight in assessing dangerousness."). I have done that here.

victims. Furthermore, evidence as to whether Mr. Mathre possessed and/or distributed additional quantities of prohibited materials may not be fully determinable. At the hearing, the government proffered that when it connected Mr. Mathre's cell phone to the internet to execute a search warrant for information he stored in a cloud-storage account, the phone was remotely restored to factory settings. The government maintained that Mr. Mathre may have accomplished this when he borrowed N.S.'s cell phone after his was seized following his arrest. Also, the government, through Government Exhibit 3, alleged that the cloud-storage platform Mr. Mathre used advertises that it hosts "lolis," a shortened form of "Lolita," that it contends is used as code for child pornography.

Receipt and distribution of child pornography have been described as "inherently insidious offenses." *United States v. Hollerich*, No. 2:22-cr-225-1, 2022 WL 16806156, at *2 (W.D. Pa. Nov. 8, 2022). And the United States Supreme Court has recognized that "[c]hild pornography harms and debases the most defenseless of our citizens." *United States v. Williams*, 553 U.S. 285, 307 (2008). Accordingly, Count 2 of the indictment charges an offense involving minor victims.

I conclude the first statutory factor strongly supports Mr. Mathre's continued detention.

*18 U.S.C. § 3142(g)(2)*

Under the second factor, I consider the weight of the evidence against the person. "This factor goes to the weight of the evidence of dangerousness [or flight risk], not the weight of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010); *see also United States v. Homedes*, No. 5:22-cr-33, 2022 WL 822153, at *6 (E.D. Ky. Mar. 18, 2022) (noting that the (g)(2) factor looks "only toward the weight of flight risk evidence, not toward the weight of proof of Defendant's guilt"). "Although a prior record of violence eases the government's burden of showing dangerousness, it is not essential." *United States v. Rodriguez*, 950 F.2d 85, 89 (2d Cir. 1991).

At the detention hearing, the government focused more on the potential danger resulting from Mr. Mathre's release and less on potential flight risk. Yet I conclude both concerns are present here.

The present charges carry significant sanctions if Mr. Mathre is convicted. In particular, Count 2 exposes Mr. Mathre to a mandatory minimum sentence of 5 years of incarceration. Moreover, if convicted of both offenses, any terms of imprisonment may have to be served consecutively because Counts 1 and 2 appear unlikely to be grouped under U.S. Sent'g. Guidelines Manual § 3D1.2 as they do not "involv[e] substantially the same harm."

As a result, the significant potential period of imprisonment flowing from conviction favor pretrial detention. *See United States v. Fitzhugh*, No. 16-mj-30364, 2016 WL 4727480, at *4 (E.D. Mich. Sept. 12, 2016) (noting that mandatory sentences like those available under Count 2 "reflect a Congressional determination that individuals who sexually exploit minors are inherently dangerous").

3

The danger associated with pretrial release of Mr. Mathre, as detailed further in the (g)(4) factor below, also justifies continued detention.

I conclude the second statutory factor strongly supports continued detention.

*18 U.S.C. § 3142(g)(3)*

Under the third factor, I consider the history and characteristics of the person. This includes "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). I also consider "whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3)(B).

Mr. Mathre is 33 years old. He is one of four children and has two surviving siblings but has no contact with his family. He has lived in Ohio since age 18. He is unmarried but has been in a long-term relationship with S.A. for 16 years. He has not fathered any children. He does not have a passport and has never traveled outside the United States.

Due to his disabilities, he has no employment history. But he receives disability benefits and other government financial assistance. The Lucas County Board of Development Disabilities has designated a payee for Mr. Mathre's assistance, and the payee pays various living and maintenance expenses for Mr. Mathre and provides him with funds for personal expenses during the month. Mr. Mathre reported no financial assets or liabilities.

His physical history includes Klinefelter Syndrome that impacted his physical development and mental health. He also reports suffering from asthma, chronic obstructive pulmonary disease, and chronic bronchitis. He was struck by a bus in 2014 resulting in a metal rod in his left arm and arthritis. He reported prior cardiac arrest and tuberculosis.

His mental health history includes Asperger's, autism, bipolar disorder, schizoaffective disorder, post-traumatic stress disorder, reactive attachment disorder, and obsessive-compulsive disorder. He refuses to take medication for any of his conditions due to his religious beliefs as a Seventh-Day Adventist. He denies any history of substance abuse.

In 2011, he was convicted of disorderly conduct in the Toledo Municipal Court and sentenced to one year of probation. It does not appear that he was ever alleged to have violated the terms of his probation. In 2026, he was charged with aggravated menacing in Toledo Municipal Court based on the conduct alleged in Count 1. That charge was dismissed after the indictment was returned in this case.

4

I conclude the third statutory factor favors potential release on appropriate conditions.

*18 U.S.C. § 3142(g)(4)*

Under the fourth factor, I "look to more than whether or not the defendant himself has been guilty of physical violence," but also to the safety of the community as a whole. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988). "Consideration of this factor encompasses much of the analysis set forth above, but it is broader in scope, as it requires the Court to engage in an open-ended assessment of the seriousness of the risk to public safety." *United States v. Klein*, 533 F.Supp.3d 1, 17 (D.D.C. 2021) (internal quotations omitted). Moreover, the "danger to any person or the community" language in § 3142(g)(4) "is not limited to the danger of physical violence." *United States v. Isaacs*, 469 F.Supp.3d 801, 804 (S.D. Ohio 2020).

I conclude there is serious potential danger to a person or the community if Mr. Mathre is released, even on the proposed conditions. "Receipt, distribution, and possession of child pornography are extremely dangerous to the community, particularly because such activities are often hidden from a defendant's closest friends and family members." *United States v. Fei Guo Tang*, No. 3:19-cr-14, 2019 WL 2453655, at *4 (E.D. Ky. June 12, 2019); *see also New York v. Ferber*, 458 U.S. 747, 760 n.10 (1982) (noting that child pornography "poses an even greater threat to the child victim than does sexual abuse or prostitution. Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place. A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography.") (internal quotation omitted).

Location monitoring, though potentially helpful in mitigating concerns about risk of flight, does not ensure an accused will avoid engaging in prohibited conduct. *See United States v. Patton*, No. 20-cr-20393, 2021 WL 267778, at *4 (E.D. Mich. Jan. 27, 2021) (noting that GPS monitoring of defendant's movements "may mitigate a concern for Defendant's future court appearances, such conditions do not ease the Court's concern of his dangerousness"). As the Second Circuit has noted:

> Home detention and electronic monitoring at best elaborately replicate a detention facility without the confidence of security such a facility instills. If the government does not provide staff to monitor compliance extensively, protection of the community would be left largely to the word of [Defendants] that [they] will obey the conditions.

*United States v. Millan*, 4 F.3d 1038, 1049 (2d Cir. 1993) (cleaned up).

As for the suggestion to remove any internet connection at the Mathre home and/or access to devices that can access the internet, "[c]ourts have repeatedly noted that, generally, prohibiting internet access to someone on release is 'a near impossibility given the internet's ubiquitous presence[.]'" *United States v. Pece*, No. 1:20-cr-186-1, 2020 WL 6263640, at *7 (N.D. Ohio Oct. 23,

5

2020) (*quoting United States v. Galvan*, No. 3:20-cr-19, 2020 WL 4604502, at *6 (S.D. Tex. Aug. 11, 2020)). As the Court noted regarding similar conditions in *United States v. Sammons*, No. 2:19-cr-107, 2020 WL 613930 (S.D. Ohio Feb. 10, 2020):

> While Mr. Sammons insists that he would be without any internet access if he were released, there would be no real mechanism to enforce or police this, and the Court would need to rely on Mr. Sammons's promises to abstain. The Court is not willing to depend on Mr. Sammons's good faith, particularly given the concerning allegations present here.

*Id.* at *6; *see also United States v. Minnici*, 128 F.App'x 827, 829-30 (2d Cir. 2005) (upholding, as not clearly erroneous, district court's finding that "defendant's alleged activities could be undertaken within the confines of his home or in other locations where the defendant may gain access to the Internet, and that pretrial services lacks the capacity to engage in constant and comprehensive surveillance of the defendant in and outside his home").

Moreover, members of Mr. Mathre's care team, when interviewed by representatives of Pretrial Services, expressed concern that due to Mr. Mathre's "obsessive tendencies he would likely struggle with a prohibition on internet access and accessing electronic devices." The Pretrial Services Report further remarked:

> The treatment team members noted that the defendant can be manipulative at times, and that he would likely need a long-term psychiatric evaluation. They expressed concerns the defendant would attempt to manipulate his answers and behaviors in an assessment where he would meet with a provider on just one occasion.

Finally, the proposed custodian did not testify. But I have concerns about the conflicting loyalties that would exist if she simultaneously served as Mr. Mathre's caretaker but also as a third-party custodian who must report transgressions to the Court. Moreover, the release plan calling for Mr. Mathre to reside at his home with S.A. but then be with N.S. at her apartment (or have N.S. at Mr. Mathre's) when N.S.'s minor daughter is in school, is fraught with peril. I do not find that sufficient to reasonably assure the safety of other persons and the community, or reasonably likely to assure his appearance at required court proceedings.

I conclude the fourth statutory factor supports continued detention.

\* \* \*

For all these reasons, having considered the evidence, proffers, arguments, and all required statutory factors, I conclude detention is warranted. Mr. Mathre did not overcome the statutory presumption in favor of detention. Even if he had, the government established by clear and convincing evidence that the proposed conditions do not reasonably assure the safety of the community or any other person. The government also proved by a preponderance of the evidence

6

that the proposed conditions do not reasonably assure Mr. Mathre's appearance. As such, release under the proposed conditions is not appropriate.