IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 3:26CR52 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | |
| | ) | |
| SHANNON MATHRE, | ) | GOVERNMENT'S BRIEF IN OPPOSITION |
| | ) | TO DEFENDANT'S MOTION FOR RELIEF |
| Defendant. | ) | FROM PREJUDICIAL JOINDER |

Now comes the United States of America, by and through counsel, David M. Toepfer, United States Attorney, Sara A. Al-Sorghali and Frank H. Spryszak, Assistant United States Attorneys, and respectfully submits this Opposition to the Defendant's Motion for Relief from Prejudicial Joinder (Doc. 35). For the reasons explained below, this Court should deny the motion.

## I. FACTS

On April 29, 2025, law enforcement was investigating prior threats to the President of the United States (hereafter after POTUS) made by Shannon MATHRE, (hereafter Defendant). United States Secret Service Agents learned that Defendant resided at 5319 Breezeway Drive, Toledo, OH 43613 APT 11. Agents attempted to interview Defendant about the online threats he made to POTUS. They knocked on the door of the apartment and there was no answer. Special Agent David Sanders left contact information and requested Defendant to call him.

SA Sanders continued to monitor Defendant's social media accounts and observed Defendant post the contact information left by your affiant on his TikTok page and made comments on how the Secret Service was after him.

On January 21, 2026, at 0945, the United States Secret Service Toledo Resident Office received a call from Mercy Hospital Police Department regarding threating statements made by a

subject in the main lobby of Saint Anne Mercy Hospital. Mercy Police reported Shannon Defendant was accompanying his partner for a doctor's appointment. At approximately 0815, Defendant and his partner approached the receptionist counter for check-in. Defendant was observed by WITNESS 1 looking at his phone and began making statements about the upcoming visit of Vice President Vance (hereinafter VPOTUS) to the Toledo OH area. WITNESS 1 observed Defendant state he would "find out where he's (VPOTUS) going to be and use my M14 automatic gun and kill him." Defendant continued to make statements about finding VPOTUS and wanting to "find out where he will be and gun him down. These statements were then reported to the Mercy Police by WITNESS 1. Defendant departed the hospital with his partner before he was able to be stopped by Mercy Police.

The following day at 1057, your affiant conducted a follow-up telephonic interview of WITNESS 1. WITNESS 1 relayed the same information as above. She stated Defendant said, "I'm going to find out where he (VPOTUS) is so I can take him out." She stated Defendant appeared to be in an agitated state during the encounter. WITNESS 1 also informed your affiant that CCTV footage of the event is available for review.

On January 21, 2026, US Magistrate Judge Darrell Clay signed the Search Warrant for 5319 Breezeway Dr, Apt 11, Toledo, OH, 43613. At 1730 that same day, agents and officers of the USSS, FBI, ATF, and TPD SWAT served the warrant. SA Sanders and SA Jalisa Bostic (USSS-Protective Intelligence) conducted a consensual interview of Defendant. Defendant made partial admissions to making the threatening statements against VPOTUS but claimed all were made "metaphorically." At approximately 2030, Defendant was arrested by TPD for Aggravated Menacing (M1). Defendant was transported by TPD to 525 N Earie St, Toledo OH 43604 for processing.

On January 29, 2026, SA Sanders was conducting a forensic review of Defendant's cellphone pursuant to the warrant to seek evidence for Threats Against the Vice President. During forensic review, SA Sanders observed images and videos of child pornography. He then stopped the search and obtained a separate search warrant for Receipt and Distribution of Child Pornography.

On February 4, 2026, Defendant was indicted for Count 1: Threats Against the President and Successors to President, 18 U.S.C. 871(a) and Count 2 Receipt and Distribution of Child Pornography, 18 U.S.C. 2252(a)(2).

## II. LAW AND ARGUMENT

Joinder of offenses is permitted under Fed. R. Crim. P. 8(a) if the offenses are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) based on acts or transactions that are connected with or constitute parts of a common scheme or plan. *United States v. Dietz*, 577 F.3d 672, 692 (6th Cir. 2009). The purpose of Rule 8(a) is "to promote the goals of trial convenience and judicial efficiency." *Thomas v. United States*, 849 F.3d 669, 676 (6th Cir. 2017). Thus, Rule 8(a) is meant to be construed broadly. *United States v. Thompson*, 690 Fed. Appx. 302, 310 (6th Cir. 2017).

Defendant is moving for severance of Counts one and two through Fed. R. Crim. Pro. 14(a). By moving for severance under Rule 14(a), defendant implicitly concedes that joinder of offenses was proper under Rule 8(a). See *United States v. Miller*, 1:14 CR 278 (N.D. Ohio, Oct. 30, 2015). However, "when joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of offenses." *United States v. Hang Le Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006).

Severance is required only when there is a serious risk of undue prejudice. *United States v. James*, 496 Fed. Appx. 541, 546 (6th Cir. 2012) citing *Zafro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). Thus, defendant "bears a heavy burden of showing that joinder would be unfairly prejudicial, because considerations of judicial economy cause courts to strongly favor trying together all charges that arise from a given set of facts. *United States v. Henderson*, 485 F. Supp. 2s 831, 873 (S.D. Ohio 2007). When examining whether undue prejudice arises through joinder, reviewing courts "consider such factors as whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence. *United States v. Soto*, 780 F.3d 689, 701-702 (6th Cir. 2015).

Defendants must point to "specific 'substantial,' 'undue,' or 'compelling' prejudice" that results from a spillover of evidence from one case to another." *United States v. Hamm,* 2023 U.S. App. LEXIS 11104, at *22 (6th Cir. 2023), quoting *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). In this case, defendant is reaching a conclusion without pointing to a specific or compelling prejudice through joining the counts. Speculations about the influence of certain counts on how the jury views other counts is insufficient to show a prejudicial effect from joinder. *See Thomas*, 849 F.3d at 676. Defendant cannot meet his high burden of proof through conclusory statements of potential prejudice. See *Hang Le-Thy Tran*, 433 F.3d at 478.

Furthermore, a jury is presumed competent of considering each count separately, *United States v. Rugiero*, 20 F.3d 1387, 1391 (6th Cir. 1994). "Prejudicial joinder is especially unlikely when the jury can adequately compartmentalize and distinguish the evidence concerning the different offenses charged," *Thomas*, 849 F.3d at 676, citing *United States v. Cody*, 498 F.3d

582, 587 (6th Cir. 2007), and any prejudice may be cured by limiting instructions *United States v. Jacobs*, 244 F.3d 503, 507 (6th Cir. 2001). The government presented an appropriate limiting instruction to address this issue within its proposed jury instructions. (Doc. 43, Page ID 258).

Finally, where evidence is intertwined, joinder is proper. *Hang Le-Thy Tran,* 433 F.3d at 478. The joinder rule is not such that it "require[s] that all evidence relating to each charge be admissible in separate trials." *United States v. Jakits*, 2023 U.S. Dist. LEXIS 40364, at *22-23 (S.D. Ohio March 9, 2023), quoting *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983). Rather, "when joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." *Id*. "When assessing whether two offenses meet the 'same or similar' prong of Rule 8(a), courts consider several factors, including 'the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crime, and the identity of the victims." *United States v. Jackson*, 2019 U.S. Dist. Lexis 193902, at *1 (N.D. Ohio Nov. 7, 2019).

In this case, the elements of the offenses alleged in Count One meet the temporal proximity requirement when compared to Count Two because they all occur within the same time frame. Further, evidence in this case is intwined. While conducting an investigation and search warrant for Count 1, agents discovered Count 2, therefore there is a likelihood of evidentiary overlap.

(*Intentionally Left Blank)*

## III. CONCLUSION

In conclusion, the government respectfully requests this Court deny Defendant's Motion for Relief from Prejudicial Joinder.

Respectfully submitted,

DAVID M. TOEPFER
U.S. ATTORNEY

By: /s/ *Sara A. Al-Sorghali*
/s/ *Frank H. Spryszak*
Sara A. Al-Sorghali (OH: 0095283)
Frank Spryszak (OH: 0077368)
Assistant U.S. Attorneys
Sara.Al-Sorghali@usdoj.gov
Frank.Spryszak@usdoj.gov
Four Seagate, Suite 308
433 N. Summit St.
Toledo, Ohio 43604
Tel. No. (419) 259-6376
Fax No. (419) 259-6360