**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| | * | Case No. 3:26 cr 52 |
| United States of America, | * | |
| | * | |
| Plaintiff, | * | Judge Jeffrey J. Helmick |
| | * | |
| vs. | * | |
| | * | |
| Shannon Mathre, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

---

**DEFENDANT'S REPLY RE: MOTION TO SEVER**

---

In its response to Mr. Mathre's *Motion to Sever*, the government misrepresents the arguments made in Mr. Mathre's motion. Specifically, the government captions its response as *Government's Brief in Opposition to Defendant's Motion for Relief from Prejudicial Joinder*. In fact, Mr. Mathre's motion is captioned *Defendant's Motion to Sever*. Additionally, the government asserts:

> Defendant is moving for severance of Counts one and two through Fed. R. Crim. Pro. 14(a). By moving for severance under Rule 14(a), defendant implicitly concedes that joinder of offenses was proper under Rule 8(a).

Doc. # 36, PageID #223.

No such concession can be gleaned from an honest reading of Mr. Mathre's *Motion to Sever*. It is not at all clear why the government misrepresents the position taken by Mr. Mathre in his motion. The opening paragraph to Mr. Mathre's motion states:

> The government has charged Mr. Mathre – in one indictment – with threatening the life of the vice president (18 U.S.C. § 871(A)) and receipt and distribution of child pornography (18 U.S.C. § 2252(a)(2)). These offenses are misjoined as a matter of law.

Later in the motion, Mr. Mathre posits:

> *Alternatively*, Mr. Mathre moves to sever the charges contained in the indictment in accordance with Fed.R.Crim.P. 14. (*emphasis added*)

It is apparent from the language of the motion, and the caption of the motion, that the argument regarding prejudicial joinder and the discussion of Fed.R.Crim.P. 14 are offered in the alternative. Mr. Mathre's primary argument is that the offenses are misjoined as a matter of law under Fed.R.Crim.P. 8(a). In fact, Fed.R.Crim.P. 8(a) is the first rule cited in the motion. Moreover, the conclusion of the motion states, in part:

> While it is Mr. Mathre's position that the offenses are misjoined as a matter of law, the additional concerns addressed by Fed.R.Crim.P 14 countenance, inexorably, severance of the offenses.

In its response, the government fails entirely to address the joinder of these offenses under Fed.R.Crim.P. 8(a). This comes as no surprise given that including these two

offenses in the same indictment runs afoul of the dictates of Crim.R. 8(a). Because the offenses contained in the indictment are not "of the same or similar character, or based on the same act or transaction, or connected with or constitute parts of a common scheme or plan," the government cannot defend inclusion of these offenses in a single indictment. And, in fact, the government does not do so. Instead, the government relies on a misrepresentation of the arguments offered by Mr. Mathre. His primary argument, to be crystal clear, is that the offenses in this matter are misjoined as a matter of law.

Respectfully submitted,

/s/ Ryan Parker
Ryan Parker (0078131)

&

/s/ Neil S. McElroy
NEIL S. McELROY (0077087)

Neil S. McElroy
1119 Adams Street, 2ND Floor
Toledo, Ohio 43604
(419) 243-3800
Fax: (419) 243-4046

**CERTIFICATION**

This is to certify that the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's ECF system.

/s/ Neil S. McElroy